**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **JANICE ELLERY**, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiffs, | Judge |
| v. | |
| **FAY SERVICING, LLC** ℅ Registered Agent Solutions, Inc. 155 Office Plaza Drive, Suite A Tallahassee, FL 32301. | **CLASS ACTION COMPLAINT FOR DAMAGES** **JURY DEMAND ENDORSED HEREON** |
| Defendant. | |

Plaintiff Janice Ellery, individually and on behalf of all others similarly situated, by and through counsel, bring this action against Defendant Fay Mortgage LLC d/b/a RightPath Servicing and state as follows for their Class Action Complaint:

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff Janice Ellery ("Plaintiff" or "Ellery") is a natural person residing in Broward County, Florida.

2.      Defendant Fay Servicing LLC ("Defendant" or "Fay") is a foreign limited liability company incorporated under the laws of the State of Delaware that maintains its headquarters and principal place of business located in Chicago, Illinois.

3.      Fay does business in the state of Florida and is licensed to do business in the state of Florida as a foreign corporation.

4.       This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as this action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA")

5.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear the state law claims brought under the Florida Consumer Collections Practices Act (FCCPA), Fla. Stat. § 559.72, *et seq.*

6.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## STATEMENT OF FACTS

### *Plaintiff's and Class Members' Loans*

7.      Fay is the servicer of Plaintiff's Loan and the Class (defined *infra*) members' notes, and mortgages on residential real property, used for personal, family, or household purposes, that secure those notes (collectively, the "loans").

8.      When Fay acquired the servicing rights to Plaintiff's and Class members' loans, Fay asserted that Plaintiff and Class members were in default of their obligations thereunder.

9.      Plaintiff and Class members are each a "consumer" as they are each a natural person who is obligated or allegedly obligated to pay their loans. 15 U.S.C. § 1692a(3).

10.      Plaintiff's and Class members' loans are each a "debt" as each is an obligation or alleged obligation of Plaintiff or Class members to pay money arising out of a transaction primarily for personal, family, or household purposes—the financing of their homes. 15 U.S.C. § 1692a(5).

11.      Fay is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as it regularly engages, or attempts to engage, in the collection of "debts", and it regularly collects debts owed or due, or asserted to be owed or due, to another for which the primary purpose is for personal, family, or household use, including Plaintiff's and Class members' loans.

12.     Plaintiff and Class members are "consumers" as defined by Florida Statute §559.55(8) asserting claims against Fay as a "debt collector" within the meaning of Florida Statute §559.55(7) as set forth, *infra.*

### Fay's Improper Denials of Eligibility for Short Sales and Misrepresentations

13.     Plaintiff and each Class Member fell delinquent on their mortgages.

14.     Plaintiff and each Class Member subsequently requested approval from Fay for a short sale transaction to mitigate their losses.

15.     As part of this short sale approval process, Plaintiff and each Class member submitted a purchase offer to Fay.

16.     Plaintiff and each Class member submitted a purchase offer for an arm's-length transaction to Fay.

17.     Despite Plaintiff's and each Class member's purchase offer representing an arm's length transaction, Fay sent correspondence in response to the same stating that the purchase offers were denied because each "transaction is not arm's-length" (the "Denials").

18.     Fay did not provide any further explanation as to the reasoning in the Denials as "[t]he transaction is not arm's-length" was checked-off as one of more than one (1) dozen possible denial options from a checklist on a form template.

19.     Fay's denial of Plaintiff and each Class member's purchase offers were improper as each such denial was based upon an obvious falsehood, that the purchase offers did not represent arm's-length transactions.

20.     Had Fay provided an accurate reason for the denial or an explanation as to why Fay incorrectly believed the purchase offers to not represent arm's length transactions, then

Plaintiffs and Class members could have rectified the same and seek further approval of the short sales.

21.     Fay's improper, incorrect, and misleading denials of Plaintiff's and each Class member's purchase offers related to their attempted short sales evidence a lack of reasonable skill, care, and diligence, as well as a failure to act in good faith and with fair dealing with respect to each of the loans.

22.     Fay, in sending correspondence stating or otherwise communicating to Plaintiff and each Class member that the purchase offers related to their attempted short sales were denied due to a plainly wrongful determination that they did not represent arm's length transactions, engaged in conduct constituting dishonest dealings and misrepresentations.

23.     Fay's conduct has caused Plaintiff and Class members to suffer significant pecuniary and non-pecuniary damages.

24.     Plaintiff and Class members were each denied for a short sale per the pending purchase offers at the market rate of the time of their review and lost the opportunity for said short sale at that time.

25.     Plaintiff and Class members will have to incur costs, expenses, and lost time in obtaining and submitting further short sale materials, including obtaining, if able, further purchase offers that otherwise would not have been and should not have been necessary.

26.     Plaintiff and Class members, if unable to subsequently qualify for a subsequent loan modification: Will remain at risk of foreclosure and of the negative impacts accompanying such, including, but not limited to an exacerbation of damage to and a delay in the rehabilitation of the credit harm they have suffered as a result of their delinquencies on the loans; are likely to incur costs and legal fees to represent their interests in foreclosure actions initiated in court;

and,are likely to be exposed to the potential for deficiency judgments which would have been otherwise avoided through the attempted short sales.

27.     Plaintiff and certain Class members—*i.e.*, members of the NOE Subclass (defined below)—sent NOEs to Fay concerning the Fay's erroneous conduct in misrepresenting that the purchase offers related to their attempted short sales

28.     Plaintiff and Class members have further been caused to suffer severe emotional distress driven by Fay's actions and by the tangible fear that Fay's failure to appropriately handle the short sale processes related to their loans, would result in aforementioned uncertainties and damages described, *supra*.

## FACTS RELEVANT TO PLAINTIFF

29.     On November 3, 2006 Plaintiff entered a mortgage loan with non-party Mortgage Electronic Registration Systems, Inc., as nominee for The Addison Mortgage Group, Inc., which was secured by a mortgage on Plaintiff's principal place of residence located at 214 SW 2nd Place, Dania, FL 33004 (the "Property").

30.     Fay currently services Plaintiff's loan on behalf of the assignee of Plaintiff's loan, pursuant to a contractual agreement between Fay and the assignee.

31.     At the time Fay obtained servicing rights for Plaintiff's loan, Fay alleged Plaintiff was in default of her obligations thereunder.

32.     On or about July, 1, 2022, Plaintiff sent, and Fay received, a complete application containing all necessary information for Fay to consider Plaintiff's eligibility for a short sale of the Property, including a purchase offer from a third party buyer having no relation to Plaintiff.

33.     On or about July 20, 2022, Fay sent correspondence to Plaintiff stating that "the purchase offer has been denied for the following reasons: The transaction is not "arm's length" (the "Denial"). *See*, a copy of the Denial, attached as **Exhibit 1**.

34.     Fay did not provide any further explanation as to its determination that the "transaction [was] not "arm's length" through the Denial or otherwise. *See*, Exhibit 1.

35.     Fay's determination in the Denial that the "transaction [was] not "arm's length" was plainly erroneous and misrepresented the purchase offer as Plaintiff has no prior relation to the individual making the purchase offer.

36.     On or about July 30, 2022, Plaintiff, through counsel, sent correspondence to Fay at the address Fay designated for borrowers to send communications pursuant to 12 C.F.R. §§ 1024.35(c) and 1024.36(b) (the "Designated Address"), captioned "Notice of Error" (the "NOE") alleging that Fay committed errors and misrepresentations in processing Plaintiff's short sale application and making the patently false claim the purchase offer did not represent an arm's length transaction. *See*, a copy of the NOE, with tracking information evidence delivery of the NOE at the Designated Address, attached as, **Exhibit 2**.

37.     Fay received the NOE at the Designated Address on or about August 3, 2022. *See*, Exhibit 2.

38.     Fay sent further correspondence to Plaintiff dated August 5, 2022, consisting of another Denial claiming "[t]he transaction is not "arm's length". *See*, a copy of the August 5, 2022 denial letter, attached as **Exhibit 3**.

39.     Apart from the date at the top of the correspondence, the August 5, 2022 denial letter is an exact copy of the July 20, 2022 Denial. *See*, Exhibits 1 and 3.

40.     Fay sent correspondence to Plaintiff dated August 5, 2022 Plaintiff acknowledging receipt of the NOE (the "Acknowledgment"). *See*, a copy of the Acknowledgment, attached as <u>Exhibit 4</u>.

41.     Fay sent correspondence dated September 12, 2022, Fay sent Plaintiff a letter, which was purportedly in response to the NOE, but rather than provide a substantive response to the NOE, Fay stated that since "Fay records reflect that a letter of withdrawal was received from [Plaintiff's counsel's] law firm dated 16, 2022…Fay will not provide a further response to [Plaintiff's counsel's] law office" regarding the NOE (the "Response"). *See*, a copy of the Response, attached as **<u>Exhibit 5</u>**.

42.     At no point did Fay allege that Plaintiff's counsel was not an authorized agent with authority to send the NOE on behalf of the Plaintiff.

43.     At no point did Plaintiff directly receive any further response to the NOE beyond the Response.

44.     Due to Fay's conduct, Plaintiff was not approved for the short sale and still has no knowledge as to the real reason the short sale was denied so as to be able to correct any such deficiencies.

45.     A foreclosure sale of Plaintiff's Property is currently scheduled for February 14, 2023.

46.     Fay's improper actions caused Plaintiff to suffer from actual and proximate damages including, but not limited to:

(a) Legal fees, costs, and expenses to submit the NOE in an attempt to have Fay mitigate the harm caused to Plaintiff to which they did not receive a proper response and as the problem continues to persist;

(b) The lost opportunity to enter into the short sale and resolve the default and its related legal issues in an expedient manner;

(c) Legal fees, costs, and expenses related to preparing and submitting further loss mitigation materials and in expectation of and in defense of judicial foreclosure proceedings and a foreclosure sale of the Property;

(d) Significant delay in the loss mitigation process and rehabilitation of her credit;

(e) Accrued interest, fees and charges imposed on the Loan including default servicing related fees since the issuance of the Denial for which Plaintiffs are personally obligated or which otherwise negatively impacts any equity in the Home to which they are entitled; and,

(f) Severe emotional distress driven by Fay's failure to properly handle their review of Plaintiff's eligibility for a short sale and continued misrepresentations regarding the same and by justified fear that such blatant indifference to improper actions on would result in the sale of the Home at a foreclosure sale and the negative impacts, including credit damages and the potential of a deficiency judgment, which has resulted in frustration, loss of sleep, anxiety, depression, embarrassment, and other significant emotional distress.

## CLASS ACTION ALLEGATIONS

47.     **Class Definition**: Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 on behalf of a class of similarly situated individuals and entities (the "Class"), defined as follows:

> All loan borrowers in the United States, during the applicable statute of limitations period, (1) who have mortgage loans secured by residential real property obtained for personal, family, or household use, (2) whose mortgage loans are serviced by Fay, (3) whose mortgage loans were in default at the time Fay obtained servicing rights to the same, (4) whose loans are not owned in whole

or in part by Fay, (5) who sought loss mitigation relief in the form of a short sale from Fay, and (6) who were denied eligibility for the short sale not being an arm's length transaction.

Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

48.    **Florida Subclass:** Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23

on behalf of a subclass of similarly situated individuals and entities (the "Florida Subclass"),

defined as follows:

All loan borrowers in the State of Florida during the applicable statute of limitations period, (1) who have mortgage loans secured by residential real property located within the State of Florida obtained for personal, family, or household use, (2) whose mortgage loans are serviced by Fay, (3) whose mortgage loans were in default at the time Fay obtained servicing rights to the same, (4) whose loans are not owned in whole or in part by Fay, (5) who sought loss mitigation relief in the form of a short sale from Fay, and (6) who were denied eligibility for the short sale not being an arm's length transaction.

Excluded from the Florida Subclass are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Florida Subclass; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

49.    **NOE Subclass Definition**: Plaintiff also brings this action pursuant to Fed. R.

Civ. P. 23 on behalf of a subclass of similarly situated individuals and entities (the "NOE

Subclass"), defined as follows:

All loan borrowers in the United States, during the applicable statute of limitations period, (1) who have mortgage loans secured by residential real property obtained for personal, family, or household use, (2) whose mortgage

loans are serviced by Fay, (3) whose mortgage loans were in default at the time Fay obtained servicing rights to the same, (4) whose loans are not owned in whole or in part by Fay, (5) who sought loss mitigation relief in the form of a short sale from Fay, (6) who were denied eligibility for the short sale not being an arm's length transaction, (7) who sent a notice of error to Fay regarding Fay's denial, and (8) did not receive an adequate response to the same.

Excluded from the NOE Subclass are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the NOE Subclass; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

50.     **Numerosity and Ascertainability**: Upon information and belief, the Class, the Florida Subclass, and the NOE Subclass (collectively, the "Classes") are each comprised of more than forty (40) members, such that the Classes are so numerous that joinder of all members is impractical. This conclusion is reasonable because as of December 31, 2021, "Fay was servicing 123,400 loans totaling $25.3 billion, including 18,800 special serviced loans totaling $4.7 billion".[1] Moreover, loss mitigation is at the center of this matter. Due to the COVID-19 pandemic which affected nearly every family in the country, if not the world, it is expected that a higher percentage of borrowers than would be typical are loss mitigation relief for their loans, including in the form of short sales. The exact number of members in the Classes is presently unknown and can only be ascertained through discovery. Class members can easily be identified through Defendant's records or by other means.

---

[1] "Fitch Upgrades Fay Servicing's U.S. RMBS Rating & Assigns Small Balance Commercial Servicer Ratings", May 20, 2022. https://www.fitchratings.com/research/structured-finance/fitch-upgrades-fay-servicing-us-rmbs-rating-assigns-small-balance-commercial-servicer-ratings-20-05-2022#:~:text=The%20company%20is%20an%20approved,serviced%20loans%20totaling%20%244.7%20billion (last accessed January 26, 2023).

51.     **Commonality and Predominance:** There are questions of law and fact common to the proposed Classes that predominate over any individual questions. Simply put, Fay improperly denied Plaintiff and Class members for short sales based on patently false claims and Plaintiffs and Class Members were harmed as a result. All members of the Class have in common that their loans were in default at the time Fay obtained servicing rights to the same. There are questions of law and fact common to the proposed Classes that predominate over any individual questions, including:

> (a) Whether Fay improperly claimed that the purchase offers at issue did not represent arm's length transactions;

> (b) Whether Fay made misrepresentation as to the nature of the purchase offers at issue in the short sale Denials;

> (c) Whether Fay properly responded to the notices of error sent on behalf of the NOE Subclass;

> (d) Whether Plaintiff and Class members suffered actual damages, and the measure and amount of those damages; and,

> (e) Whether Plaintiff and Class members are entitled to recover statutory damages.

52.     **Typicality**: Plaintiff's claims are typical of the claims of the Classes. On information and belief, Plaintiff's and Class members' loans contain substantially similar language or contain substantially similar language to such documents. Further, on information and belief, Plaintiff and Class members received nearly identical Denials as such letters appear to have been generated from a form template with a checklist. As such, Plaintiff and Class members were subjected to and affected by a uniform course of conduct; specifically, Fay's improper denial of the loans for eligibility for short sales.

53.     **Adequacy**: Plaintiff will adequately represent the interests of the Classes and do not have adverse interests to the Classes. Plaintiff's counsel has extensive experience litigating consumer class actions.

54.     **Superiority**: A class action is the superior method for the quick and efficient adjudication of this controversy. If individual members of the Classes prosecuted separate actions, it may create a risk of inconsistent or varying judgments that would establish incompatible standards of conduct.

**COUNT I**
**Violation of the FDCPA, 15 U.S.C. §§ 1692e and 1692f**
**(On behalf of Plaintiff and the Class)**

55.     Plaintiff repeats and realleges paragraphs 1 through 53 with the same force and effect as though fully set forth herein.

56.     The FDCPA makes it illegal for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e(10).

57.     Fay's conduct is a violation of the FDCPA if it would be deceptive to the least-sophisticated consumer. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (stating "[t]he fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced.")

58.     The FDCPA is a strict liability statute and accordingly Fay's conduct need not have been intentional, Fay's conduct violated the FDCPA regardless of its intentions. *See LeBlanc* at 1190.

59.     Fay made false representations to Plaintiff and each class member in the collection of a debt by issuing the Denials containing the patently false claim that the purchase offers did not represent arm's-length transactions.

60.     Fay, through its agents, representatives, and/or employees acting within the scope of their authority, violated 15 U.S.C. §1692e(10) in issuing the Denials.

61.     Fay's actions have caused Plaintiff and Class members to suffer actual damages, further described, *supra*.

62.     As a result of Fay's actions, Fay is liable to Plaintiff and Class members for actual damages, statutory damages, costs, and attorneys' fees. 15 U.S.C. § 1692k.

### COUNT TWO:
### Violations of Fla. Stat. §559.72(9)
### (On behalf of Plaintiff and the Florida Subclass)

63.     Plaintiff repeats and realleges paragraphs 1 through 61 with the same force and effect as though fully set forth herein.

64.      At all times relevant to this action, Fay is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

65.     Fay violated Florida Statute § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Fay knew that the debt was not legitimate, or asserting the existence of some other legal right when Fay knew that right did not exist.

66.     Fay is claiming, attempting and threatening to enforce a debt against Plaintiff by sending the Denials, despite knowing that Plaintiff's and Florida Subclass members' purchase offers represented arm's-length transactions . *See,* Exhibits 1 and 3

67.     "Any person who fails to comply with any provision of s. 559.72 is liable for actual damages ***and for additional statutory damages as the court may allow***, but not exceeding

$1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the Fay's liability for any additional statutory damages, the court shall consider the nature of the Fay's noncompliance with s.559.72, the frequency and persistence of the non-compliance, and the extent to which the noncompliance was intentional." Fla. Stat. 559.77(2) (emphasis added).

68.     Fay's actions have caused Plaintiff and Class members to suffer actual damages, further described, *supra*.

69.     As a result of Fay's actions, Fay is liable to Plaintiff and Florida Subclass members for actual damages, statutory damages, costs, and attorneys' fees. Fla. Stat. 559.77(2).

### COUNT THREE:
### Violation of 12 C.F.R. § 1024.35(e) and 12 U.S.C. §§ 2605(e) and (k)
### (On behalf of Plaintiff and the NOE Subclass)

70.     Plaintiff repeats and realleges paragraphs 1 through 53 with the same force and effect as though fully set forth herein.

71.     "A servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred." 12 C.F.R. § 1024.35(a)

72.     Comment 1 of the CFPB's Official Interpretations of 12 C.F.R. § 1024.35(a) provides that "[a] notice of error is submitted by a borrower if the notice of error is submitted by an agent of the borrower." Supplement I to Part 1024.

73.     A servicer must respond to a notice of error by either:

> (A)   Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact

information, including a telephone number, for further assistance; or

(B)  Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

12 C.F.R. § 1024.35(e)(1)(i); *see also* 12 U.S.C. § 2605(e)(2)(B).

74.    A servicer must respond to a notice of error in compliance with 12 C.F.R. § 1024.35(e)(1):

(B) Prior to the date of a foreclosure sale or within 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the notice of error, whichever is earlier, for errors asserted under paragraphs (b)(9) and (10) of this section.

(C) For all other asserted errors, not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the applicable notice of error.

12 C.F.R. § 1024.35(e)(3)(i); *see also* 12 U.S.C. § 2605(e)(2).

75.    "A servicer of a federally related mortgage shall not...fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties." 12 U.S.C. § 2605(k)(1)(C).

76.    A servicer of a federally related mortgage shall not "fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. § 2605(k)(1)(E).

77.     Plaintiff and members of the NOE Subclass sent notices of error (the "NOEs) to Fay at the Designated Address alleging that Fay committed errors in claiming the purchase offer did not represent an arm's length transaction in relation to the attempted short sales. *See*, Exhibit 2.

78.     Fay failed to adequately respond to the NOEs in violation of 12 C.F.R. § 1024.35(e) as Fay failed to admit and correct the alleged errors or otherwise failed to perform a reasonable investigation into said errors, if Fay responded at all. *See*, Exhibits 3 and 5.

79.     Fay's failures to perform a reasonable investigation into and otherwise properly respond to the errors alleged through NOEs constitute violations of 12 C.F.R. § 1024.35(e) and 12 U.S.C. §§ 2605(e) and (k) and has caused Plaintiff and NOE Subclass members to suffer actual damages as detailed, *supra*.

80.     Fay's actions are part of a pattern and practice of behavior in conscious disregard for Plaintiffs' rights and Fay's obligations under RESPA and Regulation X.

81.     Fay's conduct as pleaded, *supra*, shows a conscious disregard for Plaintiffs' rights and Fay's obligations under RESPA and Regulation X.

82.     As a result of Fay's actions, Fay is liable to Plaintiffs for statutory damages and actual damages as further described, *supra*. 12 U.S.C. § 2605(f)(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Janice Ellery, individually and on behalf of all others similarly situated, prays for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class, the Florida Subclass, and the NOE Subclass, each as defined, *supra*;

B. Designating Plaintiff as representative of the Class, the Florida Subclass, and the NOE Subclass, and their undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiff, the Class, the Florida Subclass, and the NOE Subclass and against Defendant;

D. Awarding Plaintiff, the Class, the Florida Subclass, and the NOE Subclass heir actual damages;

E. Awarding Plaintiff and the FDCPA Subclass their statutory damages as allowed under the FDCPA;

F. Awarding Plaintiff and the Florida Subclass their statutory damages as allowed under the FCCPA;

G. Awarding Plaintiff and the NOE Subclass their statutory damages as allowed under RESPA;

H. Awarding Plaintiff, the Class, the Florida Subclass, and the NOE Subclass attorneys' fees and costs, including interest thereon, as allowed or required by law; and,

I. Granting all such further and other relief as this Court deems just and appropriate.

Respectfully submitted,

*Bruce Botsford*

Bruce Botsford, Esq. (Fl. Bar No. 31127)
Bruce Botsford, P.A.
2524 Flamingo Lane
Ft. Lauderdale, FL 33312
Tel: 954-663-7002
service@botsfordlegal.com
supportleader@botsfordlegal.com
botslaw@gmail.com

*Counsel for Janice Ellery and Putative Classes*

## **JURY DEMAND**

Plaintiff Janice Ellery, individually and on behalf of all others similarly situated, hereby requests a trial by jury on all issues.

_Bruce Botsford_

Bruce Botsford, Esq. (Fl. Bar No 31127)
Bruce Botsford, P.A.

*Counsel for Janice Ellery and Putative Classes*

# EXHIBIT '1'

# Fax Transmission

## Attention to:-

**Name: 13053970948**
**Company:**
**Fax: 13053970948**
**Date: 07/29/2022**
**Time: 01:05:17 P**

## From:-

**Name: Terry Sroka**
**Company: Fay Servicing**
**Fax:**
**Telephone:**
**Pages: 2**

## RE:

## Comments/Notes:

To Emanuel

Terry Sroka
Account Manager
Fay Servicing, LLC
1501 E. Woodfield Rd., Suite 100 W | Schaumburg, IL 60173
800.495.7166  toll free
630.282.7696  direct
630-282-7548  fax
www.fayservicing.com

[cid:image002.jpg@01CFCE9B.61EBF4A0]
This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee, you should not disseminate, distribute, or copy this email and delete immediately. Fay Servicing is a debt collector, and information you provide to us will be used for that purpose. To the extent you filed a bankruptcy petition and received a discharge of your personal liability, or you are currently in an active bankruptcy case, this is being provided for informational purposes only and does not constitute an attempt to collect a debt or impose personal liability.

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee, you should not disseminate, distribute, or copy this email and delete immediately.

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com



July 20, 2022

JANICE ELLERY
8751 W BROWARD BLVD
PLANTATION, FL 33324

Property Address ("Property"): 214 S W 2ND PL DANIA FL 33004
Loan Number: 0000280584

Fay Servicing, LLC received the purchase offer you recently submitted for the Short Sale of the Property. This notice is to inform you that the purchase offer has been denied for the following reason(s):

☐ There is a foreclosure sale scheduled to occur within thirty-seven (37) days of the request.
☐ Foreclosure sale held.
☐ Insufficient offer price or net proceeds.
☐ The Loss Mitigation Application is incomplete.
☐ The Property value or condition does not meet the program requirements.
☐ The Property was not listed with a licensed real estate agent who is not a borrower on the mortgage loan.
☒ The transaction is not "arm's-length".
☐ Your loan is insured by a private mortgage insurance company. Purchase offer denied by private mortgage insurance.
☐ Unable to obtain approval from subordinate lien holder(s).
☐ Unable to obtain Bankruptcy court approval.
☐ The Property was not listed for sale at the approved list price.
☐ Unable to complete interior inspection of the Property.
☐ Failure to act in good faith in the maintenance, marketing and/or closing of the sale of the Property.
☐ Buyer unable to obtain financing for purchase of the Property.
☐ The loan-to-value ratio is < 95%, which does not meet the program requirements.
☐ Other reason(s) and/or additional details:

If a purchase offer is submitted outside of an approved listing/marketing period, we may review it, but only if there is adequate time prior to any scheduled foreclosure sale date.

If you have any questions, please contact your Account Manager directly or call our toll-free number: (800) 495-7166. Our regular business hours are from 8:00 a.m. to 9:00 p.m. Monday through Thursday, 8:30 a.m. to 5:00 p.m. on Friday, and from 10:00 a.m. to 4:00 p.m. on Saturday (CST).

Sincerely,

Fay Servicing, LLC

Fay Servicing, LLC is a debt collector, and information you provide to us will be used for that purpose. To the extent your original obligation was discharged, or is subject to an automatic stay under the United States Bankruptcy Code, this is being provided for informational purposes only and does not constitute an attempt to collect a debt or impose personal liability. NMLS ID #88244

# EXHIBIT '2'

**Law Offices of**
**Lisette M. Blanco, P.A.**

7900 NW 155 Street, Unit 101
Miami Lakes, Florida 33015

Office: (786) 655-0737                                    Facsimile: (305) 397-0948

## Notice of Error

Fay Servicing

Re: Short Sale package for property at 214 SW 2 Pl. Dania Bch, 33004
Loan #0000280584
Borrower: Janice Ann Ellery

This is a notice of error in the processing of the short sale option for Janice Ann Ellery for the above referenced property, named as the borrower in this document.

The borrower was approved to participate in a short sale on this date. Even though the borrower was approved to participate in a short sale, and all loss mitigation options that the borrower was approved for were presented to the borrower, the servicer submitted the borrower for 30 day review a second time in order to delay the short sale proceedings and erode the limited remaining time until the foreclosure sale date would be set.

Fay servicing denied the short sale on the basis of the sale not being an arms-length transaction. This is patently false as the borrower did not know the buyer prior to the commencement of the short sale transaction, had no prior dealings with the buyer, nor is the buyer related in anyway to the borrower.

As a direct result of these errors, the borrower has suffered consequential damages including but not limited to, the costs and expenses of having to continue carrying the mortgaged property, and by their inability to sell the property to a ready, willing, and able (funded) buyer. Furthermore, there have been punitive damages in the form of lost time, emotional anguish, and financial detriment caused by the delay of the potential sale in the quickest changing housing market in recent record. Inflation statistics show a 10% decrease in value of the currency unit in which the house Is valued(the U.S. Dollar), indicating that a sale occurring in the first half of the year would be at minimum 11% higher than a sale occurring in the second half of the year. For a property worth $200,000.00 that would amount to material losses of up to $22,000.00, just in the past month.

Fay servicing is also filing motions to schedule a sale date while an active loss mitigation option of a short sale is being managed and worked on. This indicates that Fay servicing is dual tracking this file and as such is in violation of federal law(12 C.F.R. §1024.41(c))

The borrower is requesting that a reasonable investigation is conducted regarding the allegations of the dual tracking errors referenced above.

Please correct the errors immediately and provide a response within 30 days of the receipt of this notice (excluding holidays and weekends) from the date of receipt of this notice. Please provide acknowledgment of receiving this notice of error within 5 days from the date of receipt (excluding holidays and weekends).

All responses to this notice should be addressed to "The Law Offices of Lisette M. Blanco, PA."

Sincerely,

**LAW OFFICES OF
LISETTE M. BLANCO, P.A.**

Lisette M. Blanco, Esquire

LMB:ia
Enclosures

For the firm

# EXHIBIT '3'



August 5, 2022

JANICE ELLERY
8751 W BROWARD BLVD
PLANTATION, FL 33324

Property Address ("Property"): 214 S W 2ND PL DANIA FL 33004
Loan Number: 0000280584

Fay Servicing, LLC received the purchase offer you recently submitted for the Short Sale of the Property. This notice is to inform you that the purchase offer has been denied for the following reason(s):

☐ There is a foreclosure sale scheduled to occur within thirty-seven (37) days of the request.
☐ Foreclosure sale held.
☐ Insufficient offer price or net proceeds.
☐ The Loss Mitigation Application is incomplete.
☐ The Property value or condition does not meet the program requirements.
☐ The Property was not listed with a licensed real estate agent who is not a borrower on the mortgage loan.
☒ The transaction is not "arm's-length".
☐ Your loan is insured by a private mortgage insurance company. Purchase offer denied by private mortgage insurance.
☐ Unable to obtain approval from subordinate lien holder(s).
☐ Unable to obtain Bankruptcy court approval.
☐ The Property was not listed for sale at the approved list price.
☐ Unable to complete interior inspection of the Property.
☐ Failure to act in good faith in the maintenance, marketing and/or closing of the sale of the Property.
☐ Buyer unable to obtain financing for purchase of the Property.
☐ The loan-to-value ratio is < 95%, which does not meet the program requirements.
☐ Other reason(s) and/or additional details:

If a purchase offer is submitted outside of an approved listing/marketing period, we may review it, but only if there is adequate time prior to any scheduled foreclosure sale date.

If you have any questions, please contact your Account Manager directly or call our toll-free number: (800) 495-7166.  Our regular business hours are from 8:00 a.m. to 9:00 p.m. Monday through Thursday, 8:30 a.m. to 5:00 p.m. on Friday, and from 10:00 a.m. to 4:00 p.m. on Saturday (CST).

Sincerely,

Fay Servicing, LLC

Fay Servicing, LLC is a debt collector, and information you provide to us will be used for that purpose.  To the extent your original obligation was discharged, or is subject to an automatic stay under the United States Bankruptcy Code, this is being provided for informational purposes only and does not constitute an attempt to collect a debt or impose personal liability.  NMLS ID #88244

# EXHIBIT '4'



August 5, 2022

JANICE ELLERY
8751 W BROWARD BLVD
PLANTATION, FL 33324

Property Address ("Property"): 214 S W 2ND PL DANIA FL 33004
Loan Number: 0000280584

Fay Servicing, LLC received the purchase offer you recently submitted for the Short Sale of the Property. This notice is to inform you that the purchase offer has been denied for the following reason(s):

☐ There is a foreclosure sale scheduled to occur within thirty-seven (37) days of the request.
☐ Foreclosure sale held.
☐ Insufficient offer price or net proceeds.
☐ The Loss Mitigation Application is incomplete.
☐ The Property value or condition does not meet the program requirements.
☐ The Property was not listed with a licensed real estate agent who is not a borrower on the mortgage loan.
☒ The transaction is not "arm's-length".
☐ Your loan is insured by a private mortgage insurance company. Purchase offer denied by private mortgage insurance.
☐ Unable to obtain approval from subordinate lien holder(s).
☐ Unable to obtain Bankruptcy court approval.
☐ The Property was not listed for sale at the approved list price.
☐ Unable to complete interior inspection of the Property.
☐ Failure to act in good faith in the maintenance, marketing and/or closing of the sale of the Property.
☐ Buyer unable to obtain financing for purchase of the Property.
☐ The loan-to-value ratio is < 95%, which does not meet the program requirements.
☐ Other reason(s) and/or additional details:

If a purchase offer is submitted outside of an approved listing/marketing period, we may review it, but only if there is adequate time prior to any scheduled foreclosure sale date.

If you have any questions, please contact your Account Manager directly or call our toll-free number: (800) 495-7166.  Our regular business hours are from 8:00 a.m. to 9:00 p.m. Monday through Thursday, 8:30 a.m. to 5:00 p.m. on Friday, and from 10:00 a.m. to 4:00 p.m. on Saturday (CST).

Sincerely,

Fay Servicing, LLC

Fay Servicing, LLC is a debt collector, and information you provide to us will be used for that purpose.  To the extent your original obligation was discharged, or is subject to an automatic stay under the United States Bankruptcy Code, this is being provided for informational purposes only and does not constitute an attempt to collect a debt or impose personal liability.  NMLS ID #88244

# EXHIBIT '5'

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Division at Fort Lauderdale**

Case No.: _____

JANICE ELLERY      )
      Plaintiff,      )
               )
V.                 )
               )
FAY SERVICING, LLC    )
      Defendant.    )

**PRE-SUIT[1]/SETTLEMENT**
**DRAFTED COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff JANICE ELLERY (hereinafter "Plaintiff" or "Ms. Ellery"), brings this action against Defendant Fay Servicing, LLC ("Defendant" or "FAY") and states:

**INTRODUCTION**

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. ("RESPA"), and its implementing regulation, Regulation X, 12 C.F.R. § 1024.

2. Specifically, Plaintiff seeks the remedies as provided in RESPA § 2605(f)(1) for the Defendant FAY's failure to comply with sections §§ 2605(k)(1)(E) of RESPA; and for its violations of sections § 1024.35(b)(11) and § 1024.35(e)(1), under Regulation X.

3. All conditions precedent to the filing of this action have been satisfied.

**JURISDICTION AND VENUE**

---

[1] **Pursuant to paragraphs 15 and 20 of the subject mortgage referenced above, this is to notify FAY that if it fails to timely respond to, correct and/or cure the above errors/grievances, I may thereafter file suit in federal or state court as a result thereof.**

1

4.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges federal claims and requires the resolution of substantial questions of federal law. Further, this Court has subject matter jurisdiction under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2614.

5.  Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6.  Venue in this District is proper because Plaintiff resides in Broward County, Florida and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## **PARTIES**

7.  At all times material hereto, Defendant FAY was and is a Florida Foreign Limited Liability Company with its principal place of business located at 8001 Woodland Center Boulevard, Suite 100, Tampa, Florida 33614.  Defendant FAY is duly licensed to transact business in the State of Florida and lists its registered agent as Registered Agent Solutions, Inc., 155 Office Plaza Drive, Suite A, Tallahassee, Florida 32301.

8.  At all times material hereto, Defendant FAY is and was a loan servicer as that term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b).  Moreover, FAY services the loan obligation that is secured by a mortgage upon the Plaintiff's primary residential property, located at 214 SW 2nd Place, Dania, Florida 33004 (the "Subject Property").

9.  At all times material hereto, Plaintiff Janice Ellery owned and continues to own the subject property, which is located in Broward County, Florida.

10. The Subject Property is a residential single-family home structure.

11. At some point in time prior to the violations alleged herein, FAY was hired to service the subject loan.

12. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by Defendant FAY as account number ******0584.

13. Plaintiff is a natural person residing in Plantation, Florida.

**RESPA AND REGULATION X**

14. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency that is authorized by Congress to supervise and enforce compliance of RESPA.  The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA, and the respective implementing regulations.

15. As amended, it is a violation of RESPA for a servicer to "fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." (Emphasis added) 12 U.S.C. § 2605(k)(1)(E).

16. Moreover, in January 2013, pursuant to the authority granted by the Dodd-Frank Wall Street Reform and Consumer Protection Act—Public Law No. 111-203, 124 Stat. 1376 (2010)—the Consumer Finance Protection Bureau ("CFPB") issued a number of final rules concerning mortgage markets in the United States—known as "Regulation X" and codified as 12 C.F.R. § 1024.1, et seq.  Regulation X became effective on January 10, 2014.

3

17. 12 C.F.R. § 1024.35(e)(1) provides that;

      1) a servicer must respond to an NOE by either "correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a phone number for further assistance"; or by

      2) "conducting a reasonable investigation and providing the borrower with written notification that includes a statement that:

            i) the servicer has determined that no error occurred; ii) a statement of the reason or reasons for this determination; iii) a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination; and iv) information regarding how the borrower can request such documents, and contact information, including a phone number, for further assistance."

18. Importantly, 12 C.F.R. § 1024.35(b)(6) permits a borrower to submit an NOE regarding a servicer's "failure to provide an accurate payoff balance amount upon a borrower's request," - even though a request for a payoff balance is predominantly governed by 12 C.F.R. § 1026.36(c)(3).

## STATEMENT OF FACTS

19. On or before July 1, 2022, FAY, received Plaintiff's complete short sale application.

20. On July 20, 2022, FAY responded to Plaintiff's July 1, 2022 short sale application by denying the "purchase offer" because, according to FAY, "the transaction is not

'arm's length'". A copy of FAY's July 20, 2022 short sale decision template is attached hereto as Exhibit "A".

21. On or about July 30, 2022, Plaintiff's attorney sent FAY a "notice of error" ("NOE") due to FAY's error in processing Plaintiff's short sale application. FAY received Plaintiff's NOE on August 3, 2022. Specifically, Plaintiff's July 30, 2022 NOE challenged FAY's July 20, 2022 "arm's length" short sale decision template. A copy of Plaintiff's NOE; and a copy the United States postal service's August 3, 2022 delivery confirmation of same, are attached hereto as Exhibits "B" and "C", respectively.

22. On August 5, 2022, FAY sent Plaintiff yet another loss mitigation "decision template". FAY's August 5, 2022 template is an exact replica of the decision template it sent to Plaintiff on July 20, 2022, with the only exception being the change in dates. Please compare Exhibit "A" with Exhibit "D". FAY's August 5, 2022 short sale decision template is attached hereto as Exhibit "D".

23. On August 8, 2022, FAY sent Plaintiff a letter acknowledging receipt of Plaintiff attorney's July 30, 2022 NOE. Notably, FAY's August 8, 2022 acknowledgment letter did not challenge Plaintiff attorney's authorization to send the July 30, 2022 NOE on Plaintiff's behalf. A copy of FAY's August 8, 2022 letter acknowledging receipt of Plaintiff's July 30, 2022 NOE is attached hereto as Exhibit "E".

24. On September 12, 2022, FAY sent Plaintiff a letter, which was purportedly in response to her July 30, 2022 NOE. However, FAY's September 12, 2022 response fails to reasonably investigate Plaintiff July 30, 2022 assertions that FAY did not properly evaluate her short sale application. A copy of FAY's September 12, 2022

inadequate response to Plaintiff's August 4, 2022 NOE, is attached hereto as Exhibit "F".

25. As explained below, Defendant FAY has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

26. Additionally, Plaintiff was harmed by FAY's failure to adequately process and to thereafter, provide Plaintiff with an adequately explained decision on her loss mitigation application.  Plaintiff was also harmed by FAY's failure to reasonably investigate her July 30, 2022 NOE.

27. As reflected by the exhibits herein, Plaintiff incurred costs relative to sending the July 30, 2022 NOE - such as her time, postage, traveling, photocopying costs; and potentially, reasonable attorney's fees.  Despite such costs, Plaintiff still did not timely receive the information to which she was legally entitled to - pursuant to RESPA and Regulation X.

28. Indeed, when FAY "failed to do that which it was obligated to do [under RESPA and Regulation X]" in response to Plaintiff's NOE, the time and expense associated with Plaintiff's submissions of that NOE "metamorphosed into damages." *Marais v. Chase Home Fin., LLC*, 24 F.Supp.3d 712, 725 (S.D. Ohio 2014).

29. Pursuant to 12 U.S.C. § 2605(f)(1), Plaintiff is entitled to actual damages as a result of Defendant FAY's failure to comply with Regulation X and RESPA.  Such damages includes, but are not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's first notice of error; and (2) photocopying costs, postage costs, incurred as a result of having to send a notice of error due to

Defendant's failure to adequately respond to Plaintiff's first qualified written request.

30. Plaintiff has also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing her home, worry, embarrassment, and anguish because of the ongoing failures of the Defendant to comply with Regulation X.

31. Plaintiff is entitled to statutory damages, as well as the costs of this action, together with a reasonable attorney's fee as determined by the court and pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT I

*FAY's VIOLATON OF*
*THE REAL ESTATE PROCEDURES ACT ("RESPA")*
*(12 U.S.C. § 2605(k)(1)(E))*

32. Plaintiffs repeat and realleges paragraphs 1 through 30 with the same force and effect as though fully set forth herein.

33. Under 12 U.S.C. § 2605(k)(1)(E), a servicer of a federally related mortgage loan, [such as FAY], must comply with *any* obligations found by the Bureau of Consumer Financial Protection ("CFPB"). These obligations includes, but are not limited to, complying with the CFPB rules and obligations imposed upon servicers under 12 C.F.R. § 1024.35(b)(11), 12 C.F.R. § 1024.35(e), and 12 C.F.R. § 1024.41 under Regulation X.

34. On or before July 1, 2022, Plaintiff submitted to FAY, a complete short sale application pursuant to the Consumer Financial Protection Bureau's ("CFPB") 12 C.F.R. § 1024.41 of Regulation X (the "short sale application").

35. On July 20, 2022, FAY responded to Plaintiff's July 1, 2022 short sale application by denying the application based on its unsupported assumption that Plaintiff's July 1, 2022 short sale application somehow involved an "arm's length transaction". (See Exhibit "A").  Unfortunately, however, FAY's July 20, 2022 template does not provide any additional explanation or documentation to support such a bare determination.

36. Had FAY provided an actual reason for such an unsupported determination, Plaintiff could have very easily addressed FAY's "arm's length transaction" decision.  Likewise, had FAY notified Plaintiff of any rights she may have had to "appeal" its July 20, 2022, then too, Plaintiff could have addressed FAY's July 20, 2022 erroneous determination – which may have in-turn, allowed FAY to approve Plaintiff July 1, 2022 short sale application.

37.  Here, it's extremely important to note, that FAY's July 20, 2022 loss mitigation decision letter is simply a "template" that is comprised of approximately 16 "check boxes", each box representing a so-called "reason" why Plaintiff's July 1, 2022 short sale application was denied.

38. Certainly, such a form letter does not, and should not foster any confidence from a borrower that their loss mitigation application was indeed, properly evaluated, follow by a proper determination – not a determination that's randomly "picked", depending on the mood picker.  Clearly, FAY's July 20, 2022 standard form letter simply does not foster such confidence. To the contrary, FAY's July 20, 2022, and likewise, its August 5, 2022 templates breeds skeptics instead.

39. FAY's July 20, 2022 "pick-a-box" template, appears to be an automated form in which FAY's documents system and/or its employees just randomly picks a box, and thereafter, submit the pick-a-box form to borrowers as a legitimate loss mitigation decision - made by a "true" decision maker.

40. Clearly, FAY failed to provide Plaintiff with a sufficient reason for its July 20, 2022 decision on Plaintiff short sale application. This failure, directly violated several provisions of Regulation X, and therefore Defendant FAY failed to comply with an obligation found by the CFPB - the obligation to comply with Regulation X, by properly evaluating Plaintiff's loss mitigation application, and thereafter, providing Plaintiff with an adequate reason/explanation for its July 29, 2022 loss mitigation determination. Thus, FAY violated 12 U.S.C. § 2605(k)(1)(E) by failing to fulfil its obligation to comply with 12 C.F.R. 1024.41 and/or 12 C.F.R. 1024.35 under the CFPB's Regulation X.

41. Plaintiff was harmed by FAY's failure to comply with the requirements of RESPA, 12 U.S.C. § 2605(k)(1)(E), because she incurred the expenses associated with sending the Inquiries/NOEs due to Defendant's failures. Said expenses includes, but are not limited to: her time, postage cost, traveling cost, photocopying costs, and potentially reasonable attorney's fees etc. - but still did not, and has not, received an adequate evaluation notice and/or an adequate explanation for FAY's July 29, 2022 loss mitigation decision which she was legally entitled to, pursuant to RESPA and Regulation X.

42. Here, FAY is attempting to evade its legal obligations and is effectively stripping the Plaintiff of her right to obtain an adequate evaluation and determination

regarding her July 1, 2022 loss mitigation application - within, and subject to, the protective framework of RESPA.   In fact, FAY has simply disregarded its obligation to provide an adequate and legitimate explanation/reason for it July 29, 2022 determination.

43. As shown by the repeated violations alleged herein, FAY's actions are in continuation of a pattern and practice of behavior in conscious disregard of the Plaintiff's rights.

44. Because of its actions, FAY is therefore liable to Plaintiff for actual damages, statutory damages, costs, and attorney fees. See 12 U.S.C. §§ 2605(f)(1)-(3).

## **COUNT II**

### *FAY's VIOLATON OF REGULATION X 12 C.F.R. § 1024.35(b)(11)*

45. Under 12 C.F.R. § 1024.35(b)(11) of Regulation X, it is a "covered" error if a Servicer [such as FAY], commits "any other error relating to the servicing of a borrower's mortgage loan.

46. On or about July 30, 2022, Plaintiff sent FAY a "notice of error" due to its unexplained and unsubstantiated July 20, 2022 determination that Plaintiff's short sale application was denied because "the transaction is not "arm's-length". (See Exhibit "A").   FAY does not, because it cannot, provide any explanation, documentation, or anything else that would even remotely support its July 20, 2022 determination that Plaintiff's short sale application/transaction was not "arm's length".

10

47. Thus, FAY's July 20, 2022 short sale decision violates 12 C.F.R. § 1024.35(b)(11), because FAY's unsubstantiated, unsupported, and unexplained "arm's length" determination, is an error relating to the servicing of Plaintiff's mortgage loan. Certainly, providing a clear and adequate explanation for its July 20, 2022 decision regarding Plaintiff's July 1, 2022 short sale application is indeed, related to the servicing of the mortgage loan referenced herein. FAY received Plaintiff's July 30, 2022 NOE on August 3, 2022. (See Exhibit "B").  Unfortunately however, FAY failed to provide an adequately explained decision on Plaintiff's short sale application, and therefore, has blatantly violated 12 C.F.R. § 1024.35(b)(11).

48. Indeed, Plaintiff was harmed by FAY's failure to comply with the 12 C.F.R. § 1024.35(b)(11), in that Plaintiff incurred the expenses associated with sending the July 30, 2022 NOE.  Those expenses includes, but are not limited to: her time, postage cost, traveling cost, photocopying costs, and potentially reasonable attorney's fees etc. - but even after suffering those expenses, FAY is still causing Plaintiff additional expenses.

49. Here, FAY is attempting to evade its legal obligations imposes on it by 12 C.F.R. § 1024.35(b)(11), and is effectively stripping the Plaintiff of her right to receive an adequate evaluation and determination of her short sale application.

50. As shown by the violations alleged herein, FAY's actions are in continuation of a pattern and practice of behavior in conscious disregard of the Plaintiff's rights.

51. Because of its actions, FAY is therefore liable to Plaintiff for actual damages, statutory damages, costs, and attorney fees. 12 U.S.C. §§ 2605(f)(1)-(3).

## COUNT III

### *FAY's VIOLATON OF*
### *REGULATION X*
### *12 C.F.R. § 1024.35(e)(1)*

52. Under  12 C.F.R. § 1024.35(e)(1)(i)(B) of Regulation X, a servicer "must" respond to a notice of error by, among requirements, "conducting a reasonable investigation" and to thereafter, provide the borrower with a written notification that includes:

> 1) a statement that the servicer has determined that no error occurred;
> 2) the reason for such a determination;
> 3) a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination;
> 4) information regarding how the borrower can request such documents; and
> 5) contact information, including a telephone number, for further assistance.

53. On September 12, 2022, FAY provided a grossly insufficient response and investigation of Plaintiff's July 30, 2022 NOE. (See Exhibit "I").

54. Instead of reasonably investigating Plaintiff's July 30, 2022 NOE, FAY just provided an irrelevant statement that Plaintiff's attorney was no longer representing Plaintiff.

55. Moreover, FAY's September 12, 2022 letter does not even mention Plaintiff's July 30, 2022 claims of an improper loss mitigation decision, let alone "reasonably investigate" those claims.  Clearly, FAY's September 12, 2022 template provides only a general and irrelevant statement that "due to the letter of withdrawal, Fay will not provide a further response to your law office regarding the correspondence dated August 3, 2022"

12

56. Importantly, FAY's September 12, 2022 letter appears to have been addressed and sent <u>only</u> to Plaintiff's former counsel's address, and not to Plaintiff's address.  As such, FAY knew that Plaintiff might not receive a copy of its September 12, 2022 form letter.

57. Nevertheless, the withdrawal of Plaintiff's counsel does not relieve FAY of its obligations to comply with 12 C.F.R. § 1024.35(e)(1)(i)(B) of Regulation X.

58. 12 C.F.R. § 1024.35(g)(1) of Regulation X enumerates three different instances when a servicer is *not* required to comply with the requirements of paragraph (e) of § 1024.35, and those are: i) a Duplicative Notice of Error; ii) an Overbroad Notice of Error; and iii) an Untimely Notice of Error.  Clearly, the withdrawal of a borrower's attorney is not one of the enumerated reasons that would allow a servicer such as FAY to simply ignore a borrower's NOE.  Certainly, FAY had an obligation (once it learn that Plaintiff's attorney had withdrawn), to at least send a copy of its September 12, 2022 letter directly to Plaintiff, Ms. Ellery.

59. Indeed, Plaintiff was harmed by FAY's failure to comply with the 12 C.F.R. § 1024.35(e)(1)(i)(B), in that Plaintiff incurred the expenses associated with sending the July 30, 2022 NOE.  Those expenses includes, but are not limited to: her time, postage cost, traveling cost, photocopying costs, and potentially reasonable attorney's fees etc. - but even after suffering those expenses, FAY is still causing Plaintiff additional expenses.

60. Here, FAY is attempting to evade its legal obligations imposes on it by 12 C.F.R. § 1024.35(e)(1), and is effectively stripping the Plaintiff of her right to receive a timely response and reasonable investigation to her July 30, 2022 NOE.  FAY's

failure is also stripping Plaintiff of her right to submit an Inquiry and NOE within, and subject to the protective framework of Regulation X.

61. As shown by the repeated violations alleged herein, FAY's actions are in continuation of a pattern and practice of behavior in conscious disregard of the Plaintiff's rights.

62. Because of its actions, FAY is therefore liable to Plaintiff for actual damages, statutory damages, costs, and attorney fees. 12 U.S.C. §§ 2605(f)(1)-(3).

**WHEREFORE**, Plaintiff JANICE ELLERY pray for an Order as follows:

A. Entering judgment in favor of Plaintiff and against Defendant;

B. Awarding Plaintiff her actual damages and statutory damages as allowed under RESPA;

C. Awarding Plaintiff attorneys' fees and costs, including interest thereon, as allowed or required by law; and,

D. Granting all such further and other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues.

7/29/2022  1:05 PM  FROM: Fay Financial  TO: 13053970948  Page 2
Case 0:23-cv-60260-MD   Document 1-1   Entered on FLSD Docket 02/09/2023   Page 44 of 53
Delivered by Fax2u.net

# Fax Transmission

## Attention to:-

**Name:** 13053970948
**Company:**
**Fax:** 13053970948
**Date:** 07/29/2022
**Time:** 01:05:17 P

## From:-

**Name:** Terry Sroka
**Company:** Fay Servicing
**Fax:**
**Telephone:**
**Pages:** 2

## RE:

## Comments/Notes:

To Emanuel


Terry Sroka
Account Manager
Fay Servicing, LLC
1501 E. Woodfield Rd., Suite 100 W | Schaumburg, IL 60173
800.495.7166  toll free
630.282.7696  direct
630-282-7548  fax
www.fayservicing.com

[cid:image002.jpg@01CFCE9B.61EBF4A0]
This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee, you should not disseminate, distribute, or copy this email and delete immediately. Fay Servicing is a debt collector, and information you provide to us will be used for that purpose. To the extent you filed a bankruptcy petition and received a discharge of your personal liability, or you are currently in an active bankruptcy case, this is being provided for informational purposes only and does not constitute an attempt to collect a debt or impose personal liability.

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee, you should not disseminate, distribute, or copy this email and delete immediately.

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com



July 20, 2022

JANICE ELLERY
8751 W BROWARD BLVD
PLANTATION, FL 33324

Property Address ("Property"): 214 S W 2ND PL DANIA FL 33004
Loan Number: 0000280584

Fay Servicing, LLC received the purchase offer you recently submitted for the Short Sale of the Property. This notice is to inform you that the purchase offer has been denied for the following reason(s):

- ☐ There is a foreclosure sale scheduled to occur within thirty-seven (37) days of the request.
- ☐ Foreclosure sale held.
- ☐ Insufficient offer price or net proceeds.
- ☐ The Loss Mitigation Application is incomplete.
- ☐ The Property value or condition does not meet the program requirements.
- ☐ The Property was not listed with a licensed real estate agent who is not a borrower on the mortgage loan.
- ☒ The transaction is not "arm's-length".
- ☐ Your loan is insured by a private mortgage insurance company. Purchase offer denied by private mortgage insurance.
- ☐ Unable to obtain approval from subordinate lien holder(s).
- ☐ Unable to obtain Bankruptcy court approval.
- ☐ The Property was not listed for sale at the approved list price.
- ☐ Unable to complete interior inspection of the Property.
- ☐ Failure to act in good faith in the maintenance, marketing and/or closing of the sale of the Property.
- ☐ Buyer unable to obtain financing for purchase of the Property.
- ☐ The loan-to-value ratio is < 95%, which does not meet the program requirements.
- ☐ Other reason(s) and/or additional details:

If a purchase offer is submitted outside of an approved listing/marketing period, we may review it, but only if there is adequate time prior to any scheduled foreclosure sale date.

If you have any questions, please contact your Account Manager directly or call our toll-free number: (800) 495-7166. Our regular business hours are from 8:00 a.m. to 9:00 p.m. Monday through Thursday, 8:30 a.m. to 5:00 p.m. on Friday, and from 10:00 a.m. to 4:00 p.m. on Saturday (CST).

Sincerely,

Fay Servicing, LLC

Fay Servicing, LLC is a debt collector, and information you provide to us will be used for that purpose. To the extent your original obligation was discharged, or is subject to an automatic stay under the United States Bankruptcy Code, this is being provided for informational purposes only and does not constitute an attempt to collect a debt or impose personal liability. NMLS ID #88244

**Law Offices of**
**Lisette M. Blanco, P.A.**

7900 NW 155 Street, Unit 101
Miami Lakes, Florida 33015

Office: (786) 655-0737                                                      Facsimile: (305) 397-0948

<u>**Notice of Error**</u>

Fay Servicing

Re: Short Sale package for property at 214 SW 2 Pl. Dania Bch, 33004
Loan #0000280584
Borrower: Janice Ann Ellery

This is a notice of error in the processing of the short sale option for Janice Ann Ellery for the above referenced property, named as the borrower in this document.

The borrower was approved to participate in a short sale on this date. Even though the borrower was approved to participate in a short sale, and all loss mitigation options that the borrower was approved for were presented to the borrower, the servicer submitted the borrower for 30 day review a second time in order to delay the short sale proceedings and erode the limited remaining time until the foreclosure sale date would be set.

Fay servicing denied the short sale on the basis of the sale not being an arms-length transaction. This is patently false as the borrower did not know the buyer prior to the commencement of the short sale transaction, had no prior dealings with the buyer, nor is the buyer related in anyway to the borrower.

As a direct result of these errors, the borrower has suffered consequential damages including but not limited to, the costs and expenses of having to continue carrying the mortgaged property, and by their inability to sell the property to a ready, willing, and able (funded) buyer. Furthermore, there have been punitive damages in the form of lost time, emotional anguish, and financial detriment caused by the delay of the potential sale in the quickest changing housing market in recent record. Inflation statistics show a 10% decrease in value of the currency unit in which the house Is valued(the U.S. Dollar), indicating that a sale occurring in the first half of the year would be at minimum 11% higher than a sale occurring in the second half of the year. For a property worth $200,000.00 that would amount to material losses of up to $22,000.00, just in the past month.

Fay servicing is also filing motions to schedule a sale date while an active loss mitigation option of a short sale is being managed and worked on. This indicates that Fay servicing is dual tracking this file and as such is in violation of federal law(12 C.F.R. §1024.41(c))

The borrower is requesting that a reasonable investigation is conducted regarding the allegations of the dual tracking errors referenced above.

Please correct the errors immediately and provide a response within 30 days of the receipt of this notice (excluding holidays and weekends) from the date of receipt of this notice. Please provide acknowledgment of receiving this notice of error within 5 days from the date of receipt (excluding holidays and weekends).

All responses to this notice should be addressed to "The Law Offices of Lisette M. Blanco, PA."

Sincerely,

**LAW OFFICES OF
LISETTE M. BLANCO, P.A.**

Lisette M. Blanco, Esquire

LMB:ia
Enclosures

For the firm

# USPS Tracking®

FAQs >

Track Another Package +

**Tracking Number:** 70212720000302161389

Remove ✕

Your item was delivered to an individual at the address at 10:43 am on August 3, 2022 in SPRINGFIELD, IL 62703.

**USPS Tracking Plus® Available** ⌄

## ⊘ Delivered, Left with Individual

August 3, 2022 at 10:43 am
SPRINGFIELD, IL 62703

Feedback

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌃

**August 3, 2022, 10:43 am**
Delivered, Left with Individual
SPRINGFIELD, IL 62703
Your item was delivered to an individual at the address at 10:43 am on August 3, 2022 in SPRINGFIELD, IL 62703.

---

**August 3, 2022, 7:49 am**
Out for Delivery
SPRINGFIELD, IL 62702

---

**August 3, 2022, 7:38 am**
Arrived at Post Office
SPRINGFIELD, IL 62702

---

**August 2, 2022, 10:36 pm**
Departed USPS Regional Facility
SPRINGFIELD IL DISTRIBUTION CENTER

---

**August 2, 2022, 10:05 am**
Arrived at USPS Regional Facility
SPRINGFIELD IL DISTRIBUTION CENTER

---

**August 1, 2022**
In Transit to Next Facility

---

**July 30, 2022, 9:39 pm**
Departed USPS Regional Facility
MIAMI FL DISTRIBUTION CENTER

---

**July 30, 2022, 8:35 pm**
Arrived at USPS Regional Facility
MIAMI FL DISTRIBUTION CENTER

Feedback

---

## USPS Tracking Plus®                                                        ⌄

## Product Information                                                         ⌄

---

**See Less** ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback



August 5, 2022

JANICE ELLERY
8751 W BROWARD BLVD
PLANTATION, FL 33324

Property Address ("Property"): 214 S W 2ND PL DANIA FL 33004
Loan Number: 0000280584

Fay Servicing, LLC received the purchase offer you recently submitted for the Short Sale of the Property. This notice is to inform you that the purchase offer has been denied for the following reason(s):

- ☐ There is a foreclosure sale scheduled to occur within thirty-seven (37) days of the request.
- ☐ Foreclosure sale held.
- ☐ Insufficient offer price or net proceeds.
- ☐ The Loss Mitigation Application is incomplete.
- ☐ The Property value or condition does not meet the program requirements.
- ☐ The Property was not listed with a licensed real estate agent who is not a borrower on the mortgage loan.
- ☒ The transaction is not "arm's-length".
- ☐ Your loan is insured by a private mortgage insurance company. Purchase offer denied by private mortgage insurance.
- ☐ Unable to obtain approval from subordinate lien holder(s).
- ☐ Unable to obtain Bankruptcy court approval.
- ☐ The Property was not listed for sale at the approved list price.
- ☐ Unable to complete interior inspection of the Property.
- ☐ Failure to act in good faith in the maintenance, marketing and/or closing of the sale of the Property.
- ☐ Buyer unable to obtain financing for purchase of the Property.
- ☐ The loan-to-value ratio is < 95%, which does not meet the program requirements.
- ☐ Other reason(s) and/or additional details:

If a purchase offer is submitted outside of an approved listing/marketing period, we may review it, but only if there is adequate time prior to any scheduled foreclosure sale date.

If you have any questions, please contact your Account Manager directly or call our toll-free number: (800) 495-7166.  Our regular business hours are from 8:00 a.m. to 9:00 p.m. Monday through Thursday, 8:30 a.m. to 5:00 p.m. on Friday, and from 10:00 a.m. to 4:00 p.m. on Saturday (CST).

Sincerely,


Fay Servicing, LLC


Fay Servicing, LLC is a debt collector, and information you provide to us will be used for that purpose.  To the extent your original obligation was discharged, or is subject to an automatic stay under the United States Bankruptcy Code, this is being provided for informational purposes only and does not constitute an attempt to collect a debt or impose personal liability.  NMLS ID #88244

August 08, 2022

LAW OFFICES OF LISETTE M. BLANCO, P.A.
7900 NW 155 STREET, UNIT 101
MIAMI LAKES, FL 33015

RE: Borrower(s): Janice Ellery
    Account Number: 0000280584
    Property Address: 214 S W 2nd Pl, Dania FL 33004

Dear Appellant or Complaintant:

Please be advised that Fay received your correspondence, and it has been
escalated to the appropriate team, agent, or supervisor for review and
processing. A response to your inquiry will be provided within 30
business days. At the end of 30 business days, if Fay has been unable
to resolve your inquiry, we will provide you with written updates on the
status of the matter every 15 business days, or fewer if required by law,
until the mater is resolved. Please note that if your specific inquiry is
one that is subjuect to reduced regulatory timelines for a response, we
will provide a response within those timelines.

If you have any questions, please contact your Account Manager.
Additionally, Fay Servicing, LLC can be reached at 800-495-7166 Monday-
Thursday 8:00am - 7:00pm, Friday 8:00am - 5:00pm, and Saturday 9:00am -
12:00pm CST.

Sincerely,

Fay Servicing, LLC

Fay Servicing, LLC is a debt collector, and information provided will
be used for that purpose. To the extent the original obligation was
discharged, or is subject to an automatic stay under the United States
Bankruptcy Code, this is being sent for informational purposes only and
does not constitute an attempt to collect a debt or impose personal
liability. NMLS ID number 88244. North Carolina residents: Fay
Servicing, LLC NC Permit Number 112302.

QC002/KWD



September 12, 2022

Law Offices of Lisette M. Blanco, P.A.
7900 NW 155 Street, Unit 101
Miami Lakes, FL 33015

RE:            Account Number:       0000280584
               Property Address:     214 S W 2ND PL DANIA, FL 33004

Dear Law Offices of Lisette M. Blanco, P.A.

Fay Servicing, LLC ("Fay") received your letter dated August 3, 2022, containing alleged errors regarding the above-referenced mortgage account. Fay records reflect that a letter of withdrawal was received from your law firm dated August 16, 2022, which stated that your law firm is no longer representing the borrower. Due to the letter of withdrawal, Fay will not provide a further response to your law office regarding the correspondence dated August 3, 2022.

Fay Servicing, LLC can be reached at 800-495-7166 Monday – Thursday 8:00 A.M. – 7:00 P.M., Friday 8:00 A.M. – 5:00 P.M., and Saturday 9:00 A.M. – 12:00 P.M. CST.

Sincerely,

Fay Servicing, LLC

Fay Servicing, LLC is a debt collector, and information you provide to us will be used for that purpose. To the extent your original obligation has been discharged or is subject to an automatic stay under the United States Bankruptcy Code, this is being provided for informational purposes only and does not constitute an attempt to collect a debt or impose personal liability. NMLS ID No. 88244